IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL and DEBRA MANNINO, individually
and as Personal Representatives of the ESTATE
OF INFANT MANNINO,

        Plaintiffs,

vs.                                                                                                Civ. No. 00-688 BB/WWD

RUTHVEN SAMPATH, M.D.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Ex Parte Interviews of Treating Physicians [docket no. 29] filed November 22, 2000.

### *Background*

This medical malpractice case arises as the result of the birth and death within approximately 25 hours of the infant child of Plaintiffs. The suit is against Plaintiff Debra Mannino's obstetrician, Defendant Sampath. Plaintiffs contend that the death was the result of negligence on the part of Defendant. Defendant contends that the infant died because of a severe congenital abnormality which could not have been detected prior to birth. During the infant's life, the infant was treated by other physicians than the obstetrician Defendant, and it is these persons with whom Defendant wishes to conduct personal interviews without Plaintiffs' counsel being present. Plaintiffs oppose the motion.

*Contentions of the Parties*

Defendant contends that in the instant circumstances, there is no privilege which would bar his contacting treating physicians.  Defendant also contends that there is no public policy consideration which should bar such contact.  Defendant contends that the bar against such *ex parte* contacts is grounded entirely on a question of privilege, and that with the dead infant involved, there could be no assertion of privilege.

Plaintiffs raise certain questions of possible or potential impropriety and abuse if such a secret meeting were allowed and also points to a decision entered in another lawsuit where a similar motion was denied by the Honorable Joe H. Galvan.  Neither Plaintiffs nor Defendant point the Court to any controlling authority with respect to the question raised.

*Discussion*

A review of the reported cases in which a question of *ex parte* contacts of treating physicians is addressed indicates that the Courts are divided in their response to the question. Strong policy arguments are raised on each side of the question.  A review of those arguments is not particularly helpful in the instant circumstances.  Over the years, local attorneys have frequently agreed to meet with and question treating physicians informally so as to avoid the expense of discovery. At these informal interviews, counsel for both sides were present.  The alternative, should a more formal record of a physician's treatment and opinion be necessary, was to take a deposition.  Obviously the doctor has certain prerogatives.  If he does not chose to meet with counsel, he can be subpoenaed and his deposition can be taken.  There is no magic bullet to address all contingencies in a mutually satisfactory way; however, based on what has been the practice and custom in this area; the procedures dealing with such witnesses in Fed. R. Civ. P. 26;

and the arguments which support denial of such *ex parte* interviews of physician witnesses, I find that Defendant's Motion for *Ex Parte* Interview of Treating Physicians should be denied.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE