IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL and DEBRA MANNINO, Individually
and as Personal Representatives of the ESTATE OF
INFANT MANNINO,

      Plaintiffs,

vs.                                                                             Civ. No. 00-688 BB/WWD

RUTHVEN SAMPATH, M.D.,

      Defendant.

## REPORT AND RECOMMENDATION
## AND
## DISCOVERY ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiffs' Claims filed January 18, 2001. The motion to dismiss will be decided by the Honorable Bruce D. Black, the trial judge in this cause. The recommendation, *infra*, to Judge Black is an interim recommendation. I will make a final recommendation to him later. Judge Black has referred the other discovery matters contained in the Defendant's motion to me for determination.

DEFENDANT'S MOTION TO DISMISS.

After discussing in detail Fed. R. Civ. P. 26, 30, 33, 34, and 37, and D.N.M. LR-.Civ. 26, Defendant asserts that Plaintiffs have willfully failed to provide adequate disclosure or discovery in two broad categories; namely, (A) Plaintiffs' Medical Claims and (B) Plaintiffs' Alleged Damages. Defendant seeks dismissal of Plaintiffs' Complaint and other sanctions. The

1

two categories, (A) and (B) above, are sub-divided into numerous sub-categories which I list below.

(A) Plaintiffs' Medical Claims.

    1. Alleged Negligence of Dr. Sampath.

        a. Failure to render a complete and proper report from Dr. Luciani.

        b. Standard of Care testimony by unspecified physicians.

    2. Causation as to Alexa Mannino's death.

        a. Debra Mannino's (Alexa's mother) medical history.

        b. Lack of due diligence in meeting disclosure and discovery obligations.

    3. Causation and damages as to Debra Mannino's Loss of Consortium Claim.

        a. Loss of consortium resulting in depression and infertility.

    4. Causation and damages as to Michael Mannino's Loss of Consortium Claim.

        a. Loss of consortium resulting in mental health problems and pituitary apoplexy.

(B) Plaintiffs' Alleged Damages.

    1. Loss of Future Income for Estate (of deceased Alexa Mannino).

        a. Assumptions made by economist.

    2. Loss of Future Income for Debra Mannino.

    3. Loss of Future Income for Michael Mannino.

    4. Special Damages.

Sanctions Sought by Defendant.

    Defendant seeks twenty different sanctions including dismissal of the Plaintiffs' claims.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS.

Plaintiffs contend that Defendant filed its motion without complying with Fed. R. Civ. P. 37(a)(2) and D.N.M.LR-Civ. 7.2(a) which require the parties to confer in good faith before such a motion is filed. Defendant's motion details certain conversations and exchanges of correspondence between counsel. Plaintiffs claim that Defendant's counsel unilaterally cancelled a "meet and confer" meeting scheduled for late December, for the purpose of addressing discovery disputes; and claims that Defendant then proceeded to serve on Plaintiffs the instant motion. Plaintiffs then list the nineteen discovery "Problems" which Plaintiffs contend were set out in the motion to dismiss together with the ""Solution" to each of the problems.   Plaintiffs also claim that the report from Dr. Barksdale is adequate; particularly, in view of the fact that it was supplemented with additional background information when this deficiency was brought to the attention of Plaintiffs' counsel.

DISCUSSION.

Defendant's counsel has filed a fact intensive six page motion, a thirty page brief complete with five introductory pages containing a table of contents, a table of authorities, and a table of exhibits. Two pounds of exhibits[1] (pages not counted) accompanied the brief; and the brief was followed by a  Notice of Errata and by a Supplement to Defendant Ruthven Sampath

---

[1] An earlier motion to file these exhibits was denied by Judge Black because the Defendant, perhaps wisely, did not disclose the number of pages involved. Apparently the exhibits were filed anyway; consequently, since I had read the exhibits by that time, I approved the amended motion to exceed page limit in this post delivery conception situation.

M.D.'s Brief in Support of Motion to Dismiss Plaintiffs' Claims. No Reply was filed. There were discussions and correspondence between counsel, and they may well have satisfied the duty to confer mentioned above; accordingly, I would not recommend that the motion be denied for non-compliance with Fed. R. Civ. P. 37(a)(2) and D.N.M. LR-Civ. 7.2(a).

Absent a Reply, I have no way of determining the discovery which still presents a problem.

The attorneys should confer for the purpose of compiling a list of documents still sought and other discovery which still needs to be dealt with. On items where agreement cannot be reached, Defense counsel should list the item and how it has been sought; and Plaintiffs should list what efforts have been made to procure the sought discovery. These lists should be compiled together in tabular form so as to facilitate their consideration. The task of comparing Mr. Lyle's table of problems "solved" to Mr. Bromberg's list of alleged deficiencies would be an extravagant and likely futile exercise for the Court. Plaintiffs and their counsel have failed in being as diligent as our process requires, and they should be jointly sanctioned. Discovery should be extended as necessary.

RECOMMENDATION.

I recommend that determination of the motion to dismiss be deferred.

**WHEREFORE,**

**IT IS ORDERED** that Defendant files with the Court a statement of the attorney fees and expenses incurred to date in connection with the motion to dismiss filed January 18, 2001.

**IT IS FURTHER ORDERED** that on or before February 12, 2001, Defendant's counsel

prepare and serve on Plaintiffs` a list in tabular form[2] of documents and other discovery matters which he claims are due from Plaintiffs ; and that on or before February 21, 2001, Plaintiffs' counsel serve on Defendant and file with the Court the list prepared by Defendant and Plaintiffs' responses in the suggested tabular form to the matters raised by Defendant's counsel in the adjacent box on the tabular form.

**FINALLY, IT IS ORDERED** that counsel for the parties meet and confer in connection with the list in tabular form aforementioned, and that they also meet and confer in an effort[3] to reach agreement as to a join motion to extend discovery deadlines.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] I attach a model of the tabular form to be utilized.

[3] Counsel will be well advised to confer and to cooperate in this matter.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL and DEBRA MANNINO, Individually
and as Personal Representatives of the ESTATE OF
INFANT MANNINO,

       Plaintiffs,

vs.                                                    Civ. No. 00-688 BB/WWD

RUTHVEN SAMPATH, M.D.,

       Defendant.

**TABLE OF CLAIMED DEFICIENCIES IN DISCOVERY**
(Filed as directed by Order of February 1, 2001)

The following table sets out the discovery matters which defendant contends have not been properly addressed as of this date, and Plaintiffs' responses to those contentions.

Defendant's Contentions                                 Plaintiffs' Responses

| | |
|---|---|
| [Size of cell may be adjusted as necessary] | |
| [Number of cell mays vary as necessary] | |

Submitted per Order of the Court,

_____
Counsel for Defendant

_____
Counsel for Plaintiffs