IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL and DEBRA MANNINO, Individually
and as Personal Representatives of the ESTATE OF
INFANT MANNINO,

        Plaintiffs,

vs.                                                           Civ. No. 00-688 BB/WWD

RUTHVEN SAMPATH, M.D.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

        This matter came before the Court upon Defendant's Motion to Dismiss Plaintiffs' Claims filed January 18, 2001. On February 1, 2001, I filed my Report and Recommendation and Discovery Order ("Order") which stated, in part, the following, to wit:

> The attorneys should confer for the purpose of compiling a list of documents still sought and other discovery which still needs to be dealt with. On items where agreement cannot be reached, defense counsel should list the item and how it has been sought; and Plaintiff should list what efforts have been made to procure the sought discovery. These lists should be compiled <u>together</u> in tabular form so as to facilitate their consideration. [emphasis supplied]
> ...
> Plaintiffs and their counsel have failed in being as diligent as our process requires, and they should be jointly sanctioned.

        The Order, which deferred a recommendation on the motion to dismiss, had an attached exhibit which showed the tabular form to be used by the parties in setting out the many items of discovery in dispute. When I entered the Order, I had not received Defendant's reply in support of the motion to dismiss. Despite Plaintiffs' failure to follow my instructions in compiling a side-

by-side table of the discovery still sought by Defendant and Plaintiffs' explanation for that discovery not having been furnished, I will attempt to utilize the submissions from the parties including Defendant's reply to the motion to dismiss. I will utilize the number system[1] set up by Defendant to address the various claimed deficiencies.

**In the Items below, if no documents exist in the category where production is sought, or if Plaintiffs have no further response to make in response to an interrogatory, Plaintiffs shall so state. If such information has previously been supplied to Defendant, Plaintiffs shall only so indicate specifying the date and the way that the information was conveyed to Defendant. If a Plaintiff cannot ascertain the information called for or obtain the documents sought, he or she shall set out in detail what efforts were undertaken to produce the discovery sought. If the efforts are unsuccessful, simply having called directory assistance will not suffice. It will not be necessary to state the time spent in calling directory assistance for illustrative purposes or otherwise.**

*Items 1 and 2*.

Plaintiffs shall either state that there will be no evidence through experts, other witnesses, or document production as to loss of consortium damages or they shall furnish by March 23, 2001, the required identifying data, documents, etc. and reports from any timely identified experts.

---

[1] Defendant has set up nineteen categories, numbered 1 through 19, with subheadings, viz., 1.1, 1.2, etc., for their contentions under that particular category. Some categories begin with the first subheading such as 11.1, 12.1, 13.1, etc. The numbering sequence in categories 11, 12, and 13, etc., will still be followed. Plaintiffs' responses, which are of minimal assistance to the Court, consisted of a table with column headings such as "List of true areas of dispute" and "Items numbers where Defendant has repeatedly listed the same matter".

*Item 3*.

Plaintiff estate's representatives shall furnish by March 23, 2001, the required identifying information regarding medical personnel referred to in item 3.

*Item 4*.

Plaintiff Debra Mannino shall furnish to Defendant by March 23, 2001, the materials or information sought in this item.

*Item 5*

Plaintiff Michael Mannino shall furnish to Defendant by March 23, 2001, the materials or information sought in this item.

*Item 6*

Except for the sonograms referred to in this Item, Plaintiff Estate shall furnish to Defendant by March 23, 2001, the materials or information sought in this item. Plaintiffs shall allow Defendant to inspect the original sonograms in question. Defendant may seek a further court order to copy the sonograms if Defendant can demonstrate that there is a process available which could be used to reproduce accurately the sonograms without risking damage to the sonograms.

*Items 7 and 8*

Plaintiffs shall either state that there will be no evidence through experts, other witnesses, or document production as to loss of consortium damages or they shall furnish by March 23,

2001, the required identifying data, documents, etc. and reports from any timely identified experts.

### *Item 9*

Plaintiff's Estate shall furnish to Defendant by March 23, 2001, the materials or information sought in this item; provided that no further response will be required to Item 9.4. Where a properly executed supplement to a previously served expert report is required, that report shall be obtained and served on Defendant on or before March 30, 2001.

### *Item 10*

Plaintiffs shall furnish to Defendant by March 23, 2001, the materials or information sought in this item. Where a properly executed supplement to a previously served expert report is required, that report shall be obtained and served on Defendant on or before March 30, 2001.

### *Item 11*

Plaintiff Debra Mannino shall furnish to Defendant by March 23, 2001, the materials or information sought in this item.

### *Item 12*

Plaintiff Michael Mannino shall furnish to Defendant by March 23, 2001, the materials or information sought in this item.

### *Item 13*

Plaintiff's Estate shall furnish to Defendant by March 23, 2001, the materials or information sought in this item. Where a properly executed new report or a supplement to a previously served expert report is required, that report shall be obtained and served on Defendant on or before March 30, 2001.

*Item 14*

No further production or response will be required in connection with Item 14.1, 14.4, and 14.5. Otherwise, Plaintiff Debra Mannino shall furnish to Defendant by March 23, 2001, the materials, informational releases, or information sought in this item.

*Item 15*

No further production or response will be required in connection with Item 15.3, 15.5, and 15.7. Otherwise, Plaintiff Michael Mannino shall furnish to Defendant by March 23, 2001, the materials, informational releases, or information sought in this item.

*Item 16*

No further production or response will be required in connection with Item 16.1, 16.3, and 16.10. Otherwise, Plaintiff's Estate shall furnish to Defendant by March 23, 2001, the materials or information sought in this item.

*Item 17*

Except for the sonograms referred to in this Item, Plaintiff's Estate shall furnish to Defendant by March 23, 2001, the materials or information sought in this item. Plaintiffs shall allow Defendant to inspect the original sonograms in question. Defendants may seek a further court order to copy the sonograms if Defendant can demonstrate that there is a process available which could be used to reproduce accurately the sonograms without risking damage to the sonograms.

*Item 18*

No further production or response will be required in connection with Item 18.10. Otherwise, Plaintiff Michael Mannino shall furnish to Defendant by March 23, 2001, the materials or information sought in this item.

*Item 19*

No responses are required to the arguments made in this Item.

The Defendant has overreached unnecessarily in pursuing discovery. The most egregious example of this is in Request for Production No. 2 from Defendant's First Set of Requests for Production of Documents to the Estate of Infant Mannino which reads as follows:

> Please provide copies of ...[various records] ...relating to the care and physical or mental condition of Infant Mannino at any time over the last five (5) years;....

Looking to the Complaint, the Infant Mannino lived two days, from May 12 until May 13, 1997. Defendant also sought tax returns for twenty years from Plaintiffs who were only thirty years old or less when the information was sought. These are only two illustrations of Defendant's attempt to use the discovery process to oppress rather than simply to obtain information necessary for preparation of the defense to this lawsuit.  I will not encourage such mean tactics. Unfortunately, Plaintiffs have also failed in fulfilling their discovery obligations, and their counsel has not been responsive to the orders of the Court. I will weigh all of these circumstances in making my recommendation on the motion to dismiss and in imposing any other sanctions.

**WHEREFORE,**

**IT IS ORDERED** that discovery shall proceed in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendant shall file with the Court on or before March 23, 2001, a statement of the attorney fees and expenses incurred by him in connection with the preparation and prosecution of the instant motion.

_____
**UNITED STATES MAGISTRATE JUDGE**