IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL and DEBRA MANNINO, Individually
and as Personal Representatives of the ESTATE OF
INFANT MANNINO,

      Plaintiffs,

vs.                                                                                     Civ. No. 00-688 BDB/WWD

RUTHVEN SAMPATH, M.D.,

      Defendant.

PROPOSED FINDINGS OF FACT,
CONCLUSIONS, AND RECOMMENDATION

This matter, having come before the Court upon Defendant's Motion to Dismiss Plaintiffs' Claims Or, Alternatively, Motion for Sanctions Against Plaintiffs [docket no. 155]; the matter having been referred to the undersigned for a report and recommendation; and the undersigned having reviewed the submissions of counsel as well as the Court file in this cause; the following proposed findings of fact in connection with the instant motion are submitted, to wit:

PROPOSED FINDINGS OF FACT AND CONCLUSIONS

    1.  Defendant's motion asserts that Plaintiffs have failed to disclose or produce all the discovery ordered by this Court on March 5, 2001.

    2.  Plaintiffs have also failed to pay to Defendant the attorney fees assessed in the order of March 23, 2001, in the amount of $7,500.00.

    3.  Defendant, as sanctions for the aforementioned failures, seek dismissal of Plaintiffs' claims in their entirety.

4. Alternatively, Defendant seeks to have certain matters deemed established at trial; certain pleadings and claims of the Plaintiffs stricken; and certain evidence excluded.

5. Plaintiffs' response in opposition to Defendant's third motion to dismiss asserts that the motion is "the belated reply to the Plaintiffs' response to the Magistrate's opinion and order of March 5, 2001"; that the claimed deficiencies in information produced by the Plaintiffs for the Defendant is overblown; that Defendant's claim that he had suffered prejudice because letters to and from Dr. Foley were not produced is incomprehensible under the circumstances; that Plaintiffs have made great efforts to reconstruct all the details of their medical history; that Defendant's question concerning Plaintiffs' physicians:  Dr. Kennon (a treating physician); Dr. Luciani (an expert who apparently failed to list every case in which he had testified); and Dr. Barksdale (whose deposition had been vacated by Defendant and whose report was the source of Defendant's complaints); and, finally, that Carol Bruin, Debra Mannino's mother, was unable to produce certain letters from her daughter when her deposition was taken in Arizona away from her New Jersey home.

6. Plaintiffs, after referring to Defendant's "Table of Claimed Deficiencies, Appendix I" as "repetitive and incomprehensible" alleges that Defendant has been uncooperative in discussing what information they felt had not been provided to them by Plaintiffs.

7. Defendant's motion with its detailed tabular references and cross references catalogues a number of claimed deficiencies in discovery; however, it sets no priorities and mixes relatively trivial matters with matters which could have considerable impact on the litigation.

8. Plaintiffs' counsel's  generalizations  to Defendant's claimed deficiencies make a comprehensive solution to the myriad of alleged discovery problems virtually impossible.

9. The memorandum opinion and order entered March 6, 2001, in pertinent part, stated:

**In the Items below, if no documents exist in the category where production is sought, or if Plaintiffs have no further response to make in response to an interrogatory, Plaintiffs shall so state. If such information has previously been supplied to Defendant, Plaintiffs shall only so indicate specifying the date and the way that the information was conveyed to Defendant. If a Plaintiff cannot ascertain the information called for or obtain the documents sought, he or she shall set out in detail what efforts were undertaken to produce the discovery sought. If the efforts are unsuccessful, simply having called directory assistance will not suffice. It will not be necessary to state the time spent in calling directory assistance for illustrative purposes or otherwise.**

10. The paragraph set out above in bold face gives specific directions as to how Plaintiffs should respond to the discovery. The directions were followed generally by Plaintiffs in their "Response" to the March 5th order or elsewhere.

11. Defendant's problems concerning Carol Kennon, M.D., have been dealt with elsewhere and will not be revisited here.

12. Defendant's "Table of Claimed Deficiencies, Appendix I'" is an intensely cross-referenced and cryptic document with mixed unprioritized allegations; and while not "incomprehensible", it is sufficiently convoluted and over-worked so as not to merit any detailed analysis.

13. The sanctions sought by defendant are not reasonable under the circumstances.

RECOMMENDATION

I recommend that Defendant's Motion to dismiss Plaintiffs' Claims or, Alternatively, Motion for Sanctions Against Plaintiffs be denied in its entirety.

_____
UNITED STATES MAGISTRATE JUDGE